J. Q. A. MICHAEL v. J. L. LEACH.

(Filed 13 May, 1914.)

1. Malicious Prosecution—Trials—Evidence—Nonsuit.

In an action for damages for malicious prosecution, where it is admitted that the defendant procured a warrant for the arrest of the plaintiff upon the charge of embezzlement, that the plaintiff was acquitted, and there was evidence of the want of probable cause, as well as malice on the part of the defendant in thus acting, a judgment as of nonsuit upon the evidence will be denied.

2. Malicious Prosecution—Execution Against Person—Trials—Nonsuit.

Where an action for damages for malicious prosecution alleges "an injury to the person or character" of the plaintiff, and upon the evidence the jury have answered the issues in the plaintiff's favor, a judgment is not held for error that execution issue

MICHAEL *v.* LEACH.

against defendant's property, and if returned unsatisfied in whole or in part, then, upon motion of plaintiff, execution issue against the person of defendant, for the statute, Revisal, 727, gives the plaintiff this right of execution against the person of the defendant without incorporating it in the judgment.

APPEAL by defendant from *Cline, J.,* at the January Term, 1914, of McDOWELL COUNTY.

This is a civil action.

These issues were submitted to the jury:

1. Did the defendant, J. L. Leach, cause the arrest and prosecution of the plaintiff, J. Q. A. Michael, upon the warrant and indictment referred to in pleadings? Answer: Yes.

2. Was the same done without probable cause? Answer: Yes.

3. Was the same done with malice? Answer: Yes.

4. Has the criminal action terminated? Answer: Yes.

5. What damages, if any, has the plaintiff sustained thereby? Answer: $2,000.

*C. C. Lisenbee, Pless & Winborne for the plaintiff.*
*C. L. Whitener, W. A. Self for the defendant.*

PER CURIAM. We have examined the several exceptions relating to the evidence, and find them to be without merit.

The motion to nonsuit was properly overruled. It is admitted that the defendant procured a warrant in the county of Catawba, charging the plaintiff with feloniously embezzling $31, and that said cause was removed to McDowell County and tried, and that the plaintiff was acquitted.

There is sufficient evidence of a want of probable cause as well as of malice to warrant the judge in refusing defendant's prayers to direct the jury to answer the second and third issues No.

We have examined the charge carefully and find it free from error. It is a full, accurate and fair presentation of the case to the jury.

The defendant excepts to this part of this judgment: "It further appearing that lack of probable cause and malice of

defendant were alleged in the complaint, and that said wrongs resulted in injury to the plaintiff's character, and the jury having answered the foregoing issues as shown herein: It is further adjudged that execution issue against the property of the defendant, as provided by law, and, if. returned unsatisfied in whole or in part, then, upon motion of plaintiff, execution against the person of the defendant may be issued as provided by law in such cases."

The ancillary proceeding of arrest and bail, as well as final execution against the person, is allowed under Revisal, 727, where, as in this case, "the action is for an injury to person or character."

Section 625 of Revisal awards an execution against the person after execution against property has been returned unsatisfied in whole or in part.

But no execution shall issue against the person of a judgment debtor unless an order of arrest has been duly served; "or unless the complaint contains a statement of facts showing one or more of the causes of arrest required by law, whether such statement of facts be necessary to the cause of action or not." *Ledford v. Emerson,* 143 N. C., 529.

The complaint in this case sets out all the necessary facts constituting a cause of action for injury to person and character. The proper findings to establish such cause of action have been made by the jury.

The plaintiff, under such allegations and findings, will be entitled to an execution against the person without incorporating it in the judgment, for the statute awards such relief where the execution against property fails to discharge the judgment.

No error.